## FAY v. CHAMBERS.

A confirmation, by commissioners appointed to ascertain the rights of persons to lands, of a claim for a specified number of acres between certain boundaries, being a complete grant from the United States, cannot be affected by any errors committed by officers of the government, in surveying and locating the claim.

APPEAL from the District Court of St. Mary, *Overton, J. Olivier*, for the plaintiff. *Splane*, for the appellant. The judgment of the Court was pronounced by

KING, J. This is a petitory action, in which the plaintiff alleges that he is the owner of a tract of land, measuring eight and one-third arpents, more or less, front, on both sides of the bayou Têche, by forty in depth, upon which the defendant has entered, and committed various acts of trespass and waste. He prays to be decreed to be the owner of the land described in his petition, and for damages. The defendant sets up title to all the land in his possession, acquired by purchase from the United States. A judgment was rendered in favour of the plaintiff for the lands, leaving the question of damages open; and the defendant has appealed.

The plaintiff exhibits as his title: 1st. A *réquete of Hilaire Boutté*, junior, for six arpents front, more or less, on both sides of the Téche, upon which there is an order of survey for the six *arpents* prayed for. 2dly. The confirmation of this claim as "a tract of land containing four hundred and eighty superficial arpents, equal to four hundred and six and 21-100 american acres, founded

FAY
v.
CHAMBERS.

on an order of survey, in favour of *Hilaire Boutté*, for six arpents in front by forty arpents in depth, on both sides of the river Téche," "betwixt the boundaries of *Mr. Boudreau* and that of *Mr. Sorrel*." 3dly. A complete chain of mesne conveyances from *Boutté* to himself.

A survey of the township, in which the land is situated, was made by a United States' surveyor, who located the title of the plaintiff on the western side of the Têche, as a claim for only six arpents in front by forty in depth. In 1848, the defendant purchased from the government 101 62-100 acres of the land on the east side of the bayou, which, it is contended, belongs to the *Hilaire Boutté* title, and which forms the matter of controversy in this suit.

It is clear that, the officers of the government fell into error in locating the *Boutté* title, which has been laid on but one side of the stream, and has assigned to it but six arpents front by forty in depth, being only one-half of the quantity for which it was confirmed. The confirmation was a complete grant, from the government, of a specified number of acres, on both sides of the bayou, between certain named boundaries, which the officers have no authority to reduce; and no action of theirs can divest the plaintiff of his title, or impair his right of ownership.

The only contest relates to the land on the east side of the river. On that side, the plaintiff was entitled to six arpents front, by forty in depth, *if that* quantity could be obtained. It appears, however, from surveys, that the lines of this tract, at a short distance from the front, come in conflict with the claim of *Jacques Sorrel,* which, it is conceded, is older and superior to that of *Boutté*, leaving on that side but one hundred and one and 62-100 acres applicable to the latter. For that quantity the district judge, no doubt, intended to render judgment. The decree, however, may be susceptible of a different construction; and, with the view of removing future sources of litigation, we will change its phraseology, without altering, as we conceive, its substance, so that it will read as follows :

"It is decreed, that the plaintiff be the owner of the land in controversy, consisting of one hundred and one 62-100 acres, having a front of six arpents, on the east side of the bayou Têche, lying between the side lines shaded in pink, extended back until they intersect the lines of the claim of *Jacques Sorrel*, as represented on the plat of survey, made by *A. S. Fields* under the order of court on file in the cause, and marked no. 11; and that the plaintiff be quieted in his possession of the same. It is further decreed, that the question of damages be left open." Thus construed, the judgment appealed from is affirmed, with costs.